STONEY POINTE PENINSULA ASSOCIATION *v.* BRODERICK.

VENDOR AND PURCHASER—SUBDIVIDER'S OPTION TO REPURCHASE LOTS. Where subdivider provided that lot should be subject to repurchase by him at price for which he sold it, in case he did not approve of party to whom lot purchaser sought to sell, and sold subdivider's interest in and to the streets, alleys, parks and beaches in the subdivision to plaintiff's immediate predecessor in chain of title without conveying the option rights, plaintiff had no option right to purchase defendants' lots.

Appeal from Monroe; Golden (Clayton C.), J. Submitted January 14, 1948. (Docket No. 75, Calendar No. 43,656.) Decided May 18, 1948.

Assumpsit by Stoney Pointe Peninsula Association, a Michigan corporation, against George H. Broderick and wife for damages caused by breach of option to sell real estate. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Williamson & Ready,* for plaintiff.

*Golden & Griffin,* for defendants.

---

REFERENCE FOR POINT IN HEADNOTE
14 Am. Jur., Covenants, Conditions and Restrictions, §§ 291, 326.

DÈTHMERS, J.   Plaintiff's declaration alleges that it had the right, under an option agreement, to purchase two lots in Stoney Pointe Peninsula, a recorded subdivision in Frenchtown township, Monroe county, Michigan, for the sum of $7,150, from defendants who, in breach thereof, sold the lots to another for $18,000, occasioning a loss to plaintiff of the difference, $10,850; that plaintiff acquired the option right as successor to the title of the original subdividers in and to all streets, alleys, parks and beaches in the subdivisions; that the subdividers, prior to the sale of any lots, recorded a declaration of restrictions imposed on all the lots in the subdivision, which contained a provision that purchasers of lots were not to sell or convey them to any one not approved by the subdividers, who, by the terms of the declaration of restrictions, retained a right or option to repurchase lots, at the price for which they had originally sold them, in the event subsequent owners attempted to sell them to purchasers not approved by the subdividers.

Upon the defendants' motion the court dismissed plaintiff's declaration on the ground that it does not appear therefrom that plaintiff is a proper party plaintiff.   Plaintiff appeals.

In support of their motion defendants filed an affidavit from which it appears, as admitted by plaintiff's counter-affidavit, that prior to acquisition of title to the two lots by defendants, and before the subdividers conveyed the title and rights in the subdivision now held by plaintiff, the subdividers recorded a modification of the above noted restrictions which, if effective, constituted, as plaintiff admits, a release and abandonment of the option. But plaintiff claims the release and abandonment of the option rights by the subdividers was not effective but void as violative of the rights of lot owners who purchased before the modification was record-

ed.   Whatever the rights of such lot owners may have been, or are, the subdividers divested themselves of the option rights and thereafter conveyed their interests in and to the streets, alleys, parks and beaches in the subdivision to plaintiff's immediate predecessor in chain of title by an instrument which not only did not purport to assign the option rights which the subdividers no longer possessed, but, on the contrary, expressly provided that the conveyance was subject to said modification of restrictions.   This served to convey or assign no option rights.   In consequence, it must be held that the plaintiff, as successor in title to the subdividers' rights in the streets, alleys, parks and beaches of the subdivision, succeeded to no option rights by virtue thereof.   The trial court was correct in holding that plaintiff had no option right to purchase defendants' lots and the order dismissing plaintiff's declaration is therefore affirmed, with costs to defendants.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Butzel, and Carr, JJ., concurred.